# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NEWELL BRANDS, INC., et al.,<br><br>*Defendants*. | Civil Action No. 18-10878 (JMV)(JBC)<br><br>**OPINION & ORDER** |
| MATTHEW BARNETT, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NEWELL BRANDS, INC., et al.,<br><br>*Defendants*. | Civil Action No. 18-11132 (JMV)(JBC) |

This matter comes before the Court by way multiple motions to appoint lead plaintiff and class counsel, in addition to motions to consolidate. D.E. 5, 6, 7, 8, 9, 10 in Civ. No 18-10878; D.E. 3, 4, 5 in Civ. No. 18-11132. The Court reviewed the submissions made in support and in opposition, and considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, the motion filed by Plaintiff Hampshire County Council Pension Fund ("Hampshire"), D.E. 5 in Civ. No. 18-10878,

is **GRANTED**. The remaining motions, D.E. 6, 7, 8, 9, 10 in Civ. No. 18-10878 and D.E. 3, 4, 5 in Civ. No. 18-11132 are **DENIED**.

## INTRODUCTION

On June 21, 2018, Plaintiff Bucks County Employees Retirement Fund filed a class action complaint alleging violations of the Securities Exchange Act of 1934 (the "1934 Act"). Bucks County alleged that Defendant Newell Brands, Inc. ("Newell Brands") and certain of its officers made false and misleading statements about Newell Brands' financial performance and that Newell Brands artificially inflated its stock price. Bucks County brought suit on behalf of all persons or entities who purchased Newell Brands common stock between February 6, 2017 and January 24, 2018. Bucks County Compl. ¶ 1, D.E. 1, No. 18-10878. On June 27, 2018, Plaintiff Matthew Barnett also filed a class action complaint that asserted the same allegations against the same Defendants. Barnett Compl. ¶ 1, No. 18-11132.

On August 20, 2018, six separate motions were filed in the Bucks County case and three were filed in the Barnett matter; each sought to consolidate the two cases as well as appoint a lead plaintiff and class counsel. D.E. 5, 6, 7, 8, 9, 10 in Civ. No. 18-10878; D.E. 3, 4, 5 in Civ. No. 18-11132. By September 10, 2018, however, every movant except Hampshire had withdrawn its motion or filed a notice of non-opposition to Hampshire's motion. D.E. 13, 14, 16, 20, 21 in Civ. No. 18-10878; D.E. 6, 7, 11 in Civ. No. 18-11132.

## MOTION TO CONSOLIDATE

The Private Securities Litigation Reform Act ("PSLRA") provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," a court must decide the motion to consolidate before appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Accordingly, the Court will address this issue first.

2

Pursuant to Federal Rule of Civil Procedure 42(a), cases may be consolidated if they involve "a common question of law or fact." Here, the two suits at issue rely on the same public statements and reports regarding Newell Brands' alleged material misstatements and omissions, and both cases assert claims arising out of § 10(b) (and the corresponding Rule 10b-5) and § 20(a) of the 1934 Act against the same Defendants. The two matters clearly involve common questions of law and fact, and consolidation will promote efficiency and avoid unnecessary costs or delay. *See, e.g.*, *Garcia v. Intelligroup, Inc.*, No. 04-4980, 2015 WL 6074922, at *2 (D.N.J. Aug. 10, 2015) (consolidating securities class actions because the cases arose from the same set of facts, and "[e]ach of the Related Actions [was] filed pursuant to various provisions of the federal securities law, and name[d] the same or similar defendants"). As a result, Hampshire's motion to consolidate is **GRANTED**.

## MOTION TO APPOINT LEAD PLAINTIFF

Pursuant to the PSLRA, a court must "appoint as lead plaintiff the member or members of the purported class that the Court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u–4(a)(3)(B). Further, courts "adopt a presumption that the most adequate plaintiff" is the person or group of persons that "has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u–4(a)(3)(B)(iii). In deciding a motion to appoint a lead plaintiff, a court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), "and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification." *Sapir v. Averback*, No. 14-7331, 2015 WL 858283, at *2 (D.N.J. Feb. 26, 2015) (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 924 (3d Cir. 1992)). The presumption may be rebutted if the presumptively lead plaintiff "will not fairly and adequately protect the

interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iv).

Hampshire is the presumptive lead Plaintiff. Hampshire allegedly lost $11,041,802 as a result of Defendants' material misstatements and omissions. Hampshire maintains that this is the largest known financial interest in the relief sought by the class (Hampshire's Br. at 12), and no other party has asserted that it suffered a comparable or greater loss. *See* D.E. 22 in Civ. No. 18-10878. Moreover, Hampshire also satisfies the requirements of Rule 23(a) based on the information currently available. Namely, Hampshire, like other members of the proposed class, seeks to recover the losses it allegedly incurred as a result of Defendants' misrepresentations and omissions. In addition, given its substantial financial losses, it is interested in vigorously pursuing the claims asserted against Defendants. *See* Hampshire Br. at 12-14. Consequently, Hampshire satisfies the typicality and adequacy requirements of Rule 23(a). Finally, no party has made any argument suggesting that Hampshire will not fairly and adequately protect the class interests, or that it would be subject to any unique defenses. Consequently, Hampshire's motion to be appointed lead plaintiff is **GRANTED**.

### MOTION TO APPOINT LEAD COUNSEL

The PSLRA also states that "[t]he most adequate plaintiff shall, subject to the approval of court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). In this instance, Hampshire has selected and retained Barrack, Rodos & Bacine to serve as Lead Counsel for the class. Hampshire's Br. at 15. Barrack, Rodos & Bacine has extensive experience in prosecuting complex class actions. *Id.* at 15-17. As a result, Hampshire's motion to appoint lead counsel is **GRANTED**.

## CONCLUSION & ORDER

For the foregoing reason, and for good cause shown,

IT IS on this 26th day of September, 2018

**ORDERED** that Plaintiff Hampshire County Council Pension Fund's motion to appoint lead plaintiff, for consolidation of related actions, and approval or selection of counsel (D.E. 5 in Civ. No. 18-10878) is **GRANTED**; and it is further

**ORDERED** that the securities class actions filed as Civil Action Nos. 18-10878 and 18-11132 shall be consolidated for all purposes including trial under Civil Action No. 18-10878, and shall bear the following caption:

| IN RE NEWELL BRANDS, INC. SECURITIES LITIGATION | Civil Action No. 18-cv-10878 (JMV) (JBC) |
|---|---|

All papers filed in connection with the Consolidated Action need only be filed in Civil Action No. 18-10878; and it is further

**ORDERED** that Hampshire County Council Pension Fund is appointed as lead plaintiff in the consolidated matter, and it is further

**ORDERED** that Barrack, Rodos & Bacine is appointed lead counsel for the class; and it is further

**ORDERED** that lead counsel shall be generally responsible for coordinating the activities of plaintiffs' counsel in the Consolidated Action, including the following:

(1) Coordinate the briefing and argument of motions;

(2) Coordinate the conduct of discovery proceedings;

(3) Coordinate the examination of witnesses in depositions;

(4) Coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(5) Call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(6) Coordinate all settlement negotiations with counsel for defendants;

(7) Coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

(8) Receive and disseminate Court orders and notices; and

(9) Supervise any other matters concerning the prosecution; resolution or settlement of the action;

and it is further

**ORDERED** that lead counsel is designated as the spokesperson for plaintiffs with respect to all substantive communications with the Court and with opposing counsel. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of lead counsel, so as to prevent duplicative pleadings or discovery by plaintiffs; and it is further

**ORDERED** that the pending motions filed at D.E. 6, 7, 8, 9, and 10 in Civil Action No. 18-10878 and D.E. 3, 4, and 5 in Civil Action No. 18-11132 are hereby **DENIED** as either voluntarily withdrawn or due to non-opposition to Hampshire County Council Pension Fund's motion.

John Michael Vazquez, U.S.D.J.